## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

### CASE NO. _____

SECURITY NATIONAL
INSURANCE COMPANY,

       Plaintiff,

v.

HENDRIK UITERWYK, P.A.,
VICKI S. UITERWYK as Personal
Representative of the ESTATE OF
HENDRIK UITERWYK, ERIK G.
ABRAHAMSON, P.A., ERIK G.
ABRAHAMSON, ESQ., and A
ADVOCATES & ATTORNEYS OF
KENNEDY LAW GROUP, P.A.,

       Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, SECURITY NATIONAL INSURANCE COMPANY ("Security

National" or "Plaintiff"), by and through its undersigned counsel, and pursuant to 28

U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, hereby files this

Complaint seeking a Declaratory Judgment against Defendants, HENDRIK

UITERWYK, P.A. ("Uiterwyk P.A."), VICKI S. UITERWYK as Personal

Representative of the ESTATE OF HENDRIK UITERWYK (the "Estate"), ERIK

G. ABRAHAMSON, P.A. ("Abrahamson P.A."), ERIK G.  ABRAHAMSON,

ESQ. ("Abrahamson"), and A ADVOCATES & ATTORNEYS OF KENNEDY

CASE NO. _____

LAW GROUP, P.A. ("Kennedy Law Group") (collectively referred to herein as the "Defendants") and states:

## **INTRODUCTION**

1.      In this action, Security National seeks a declaration that it does not have a duty to defend or indemnify Uiterwyk P.A., the Estate, Abrahamson P.A. or Abrahamson (collectively referred to as the "Insured Defendants") in the civil action filed by Kennedy Law Group in the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida styled *A Advocates & Attorneys of Kennedy Law Group, P.A. aka Kennedy Law Group v. Hendrik Uiterwyk, P.A. fka Uiterwyk & Barnes P.A. dba Abrahamson and Uiterwyk, et. al.*, Case No. 21-CA-001347 (the "Underlying Lawsuit").[1]

2.      Security National also seeks a declaration that it does not have a duty to defend or indemnify the Estate in connection with the Statement of Claim (the "SOC") filed by Kennedy Law Group in the probate proceeding styled *In Re. Estate of Hendrik Uiterwyk*, Case No. 21-CP-000258 (the "Probate Claim").[2]

3.      As discussed in greater detail herein, the Underlying Lawsuit and Probate Claim (collectively the "Underlying Claims") arise out of a Joint Venture Agreement between Kennedy Law Group and Uiterwyk P.A.,[3] which created a partnership, joint venture and/or common business enterprise between the two

---

[1] A copy of the First Amended Complaint in the Lawsuit is attached hereto as Ex. A.
[2] A copy of the SOC in the probate proceeding is attached hereto as Ex. B.
[3] The Joint Venture Agreement was filed separately as an Exhibit to Plaintiff's First Amended Complaint in the Underlying Lawsuit, and is attached hereto as Ex. C.

CASE NO. _____

ventures. In the Underlying Lawsuit, Kennedy Law Group alleges that the Insured Defendants breached their contractual duties under the Joint Venture Agreement, breached their alleged fiduciary duties to Kennedy Law Group, and committed other business torts in connection with the Joint Venture Agreement.

4.      Security National issued a Lawyers' Professional Liability Insurance Policy to Abrahamson & Uiterwyk bearing Policy No. SES1797032 00 for the policy period of December 25, 2020 to December 25, 2021 (the "Policy").

5.      Abrahamson & Uiterwyk ("A&U") is the Fictitious Name (*i.e.*, the dba) for both Uiterwyk P.A. and Abrahamson P.A.

6.      Security National is currently providing the Insured Defendants with a defense in the Underlying Claims subject to a full reservation of its rights under the Policy.

7.      There is a justiciable controversy concerning the rights and obligations of the parties under the Policy, as the Insured Defendants contend that Security National has a duty to defend and indemnify them in connection with the Underlying Claims, while Security National avers that it has no duty to defend or indemnify the Insured Defendants pursuant to the various terms, conditions, exclusions and endorsements of the Policy.

8.      Kennedy Law Group is an interested party that has been included as a defendant in order to bind it to the results of this action.

CASE NO. _____

## PARTIES

9.     Plaintiff, Security National, is an insurance company which is incorporated in the State of Delaware and has its principal place of business in Delaware. Security National is therefore a citizen of Delaware.

10.     Defendant, Uiterwyk P.A., is a Florida for Profit Corporation which has its principal place of business in Tampa, Florida. Accordingly, Uiterwyk P.A. is a citizen of Florida.

11.     Defendant, the Estate, is a duly formed estate being probated in Hillsborough County, Florida. The Estate is deemed to be a citizen of the same State as the Decedent, Hendrik Uiterwyk, who was domiciled in and a citizen of Florida at the time of his death and at all times material hereto. Accordingly, the Estate is a citizen of Florida.

12.     Defendant, Abrahamson P.A., is a Florida for Profit Corporation which has its principal place of business in Clearwater, Florida. Accordingly, Abrahamson P.A. is a citizen of Florida.

13.     Defendant, Abrahamson, is a citizen of Florida domiciled in Clearwater, Florida, and has been at all time material hereto. Accordingly, Abrahamson is a citizen of Florida.

14.     Defendant, Kennedy Law Group, is a Florida for Profit Corporation which has its principal place of business in Palm Harbor, Florida. Accordingly, Kennedy Law Group is a citizen of Florida.

CASE NO. _____

15.     All conditions precedent to the filing of this Complaint for Declaratory Judgment have occurred, been performed, or have been waived.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and all of the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17.     This Court has personal jurisdiction over the Defendants because they are residents of, or conduct substantial business in, Florida.

18.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because all Defendants are residents of Florida and one or more of the Defendants reside in this district. Furthermore, a substantial part of the events giving rise to this lawsuit occurred in this district, and the Underlying Claims are proceeding in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, which is located in this district.

## THE UNDERLYING LAWSUIT

19.     The Underlying Lawsuit arises from a written agreement between Uiterwyk P.A. and Kennedy Law Group dated June 28, 2002 (the "Joint Venture Agreement"), under which, *inter alia*, Kennedy Law Group was to refer litigation cases to Uiterwyk P.A., and Uiterwyk P.A. was to refer certain pre-litigation matters to Kennedy Law Group.

CASE NO. _____

20.    The Joint Venture Agreement provides that the referring firm would receive 25% of all fees collected prior to January 1, 2003, and 33% of all fees collected after January 1, 2003.

21.    The Joint Venture Agreement also provides that it would "convert to a partnership agreement on the same terms and conditions set forth herein" on January 1, 2003, and that the partnership would be owned equally by Kennedy Law Group and Uiterwyk P.A., and would be known as "Kennedy, Uiterwyk, Merricks and Barnes."

22.    Pursuant to the Joint Venture Agreement, a partnership, joint venture and/or business enterprise between Uiterwyk P.A. and Kennedy Law Group (referred to herein as the "Partnership") was formed.

23.    The First Amended Complaint in the Underlying Lawsuit alleges, generally, that the Insured Defendants violated the Joint Venture Agreement and/or their duties to the Partnership by:

    a.  Improperly rejecting, dismissing or withdrawing from cases referred by the Kennedy Law Group based on the false understanding that the claims had no value;

    b.  Referring cases which had been referred by Kennedy Law Group pursuant to the Joint Venture Agreement and/or Partnership to third party law firms without ensuring that Kennedy Law Group would be paid its referral fee;

    c.  Referring cases which had been referred by Kennedy Law Group to third party law firms who then allegedly committed malpractice, diminishing the referral compensation Kennedy Law Group was allegedly entitled to;

    d.  Settling cases referred by Kennedy Law Group for less than full value;

CASE NO. _____

e.  Failing to timely and properly litigate cases referred by Kennedy Law Group pursuant to the Joint Venture Agreement and/or Partnership, and concealing the fact that they had failed to timely prosecute such cases and failed to employ sufficient staff to properly handle such cases;

f.  Failing to create a succession plan to protect their contractual obligation to Plaintiff under the Joint Venture Agreement and/or Partnership upon Uiterwyk's death;

g.  Commingling monies earned through the Partnership with their personal accounts;

h.  Having third party law firms try cases referred by the Kennedy Law Group and pay the costs of litigation in those cases in violation of the Joint Venture Agreement and/or Partnership;

i.  Accepting cases referred by the Kennedy Law Group knowing that they did not have the resources or intention to try the cases to completion;

j.  Concealing the fact that they had settled cases they were required to transfer to Kennedy Law Group pursuant to the Joint Venture Agreement and/or Partnership;

k.  Failing to properly and timely prosecute over 200 tobacco litigation cases transferred by Kennedy Law Group to the Partnership.

24.     Based on the foregoing allegations, Kennedy Law Group asserts the following cause of action: Accounting (Counts I-IV) as to all Insured Defendants; Breach of the Joint Venture Agreement (Counts V-VIII) as to all Insured Defendants; Unjust Enrichment (Counts IX-XII) as to all Insured Defendants; Estoppel (Count XIII) as to Uiterwyk P.A.; Fraud (Counts XIV-XV) as to the Estate and Uiterwyk P.A.; Violation of Fla. Stat. § 772.104 (Count XVI) as to the Estate; and Breach of Fiduciary Duty (Counts XVII-XX) as to all Insured Defendants.

## THE PROBATE CLAIM

25.     The allegations presented against the Estate in the Probate Claim are virtually identical to the allegations against the Estate in the Underlying Lawsuit.

CASE NO. _____

26.     Kennedy Law Group's SOC alleges that the Decedent:

   a. breached the Joint Venture Agreement (in the same ways which are
      alleged in the Underlying Lawsuit);

   b. comingled monies owed to Kennedy Law Group with his personal
      assets and the accounts of A&U;

   c. made intentionally false statements to induce Kennedy Law Group to
      enter the Joint Venture Agreement;

   d. fraudulently contracted with Kennedy Law Group with the intent to
      deprive Kennedy Law Group of monies owed under the Joint Venture
      Agreement; and

   e. breached his fiduciary duties to Kennedy Law Group pursuant to the
      Partnership by failing to exercise discretion in acting on its behalf and
      failing to deliver legal services with the level of skill required by a
      reasonably prudent attorney.

## **THE POLICY**

27.     The Policy, subject to its terms, exclusions and other provisions,
provides coverage for "Insureds" on a Claims Made and Reported basis for the
period of December 25, 2020 to December 25, 2021. (*See* the Policy, attached hereto
as Ex. D.).

28.     A&U is identified as the "Named Insured" in the Policy Declarations.

29.     Uiterwyk P.A., Abrahamson P.A. and Abrahamson are each an
"Insured" under the Policy, but solely with respect to the performance of their duties
on behalf of A&U in rendering "Professional Services."

30.     The Estate is also an "Insured" under the Policy, but solely with respect
to "Wrongful Acts" by Hendrick Uiterwyk in the performance of his duties on behalf
of A&U in rendering "Professional Services."

CASE NO. _____

31.    Section I, Coverage A of the Policy contains the applicable Insuring

Agreement, which states in pertinent part:

### SECTION I - INSURING AGREEMENTS

**A.**    The **Company** shall pay **Damages** and **Claim Expenses**, in excess of the Self-Insured Retention identified in the Declarations, if applicable, and subject to the Policy's Limit of Liability, that the **Insured** shall become legally obligated to pay as a result of a **Claim** made against the **Insured** for a **Wrongful Act**, provided that (i) the **Claim** is first made against the **Insured** and reported to the Company, in writing, during the **Policy Period** or the Extended Reporting Period, if applicable; (ii) the **Insured** has no knowledge of such **Wrongful Act** prior to the Inception Date of this Policy; and (iii) such **Wrongful Act** took place on or after the **Retroactive Date** set forth in the Declarations Page of this Policy and prior to the end of the **Policy Period**.

32.    The Policy contains the following definitions:

A. "**Application**" means all signed applications, including attachments and other materials submitted therewith or incorporated therein, submitted by the **Insured** to the **Company** for this Policy or for any policy of which this Policy is a direct or indirect renewal or replacement. **"Application"** shall also include all documents provided by the **Insured** to the **Company** in connection with the underwriting or issuance of this Policy and any information contained on the website(s) of the **Insured**, whether provided to the **Company** directly or indirectly through the use of public databases or similar sources. All such applications, attachments, and materials are deemed attached to and incorporated into this Policy.

\*        \*        \*

C. "**Claim**" means a written demand received by the **Insured** for monetary **Damages** which alleges a **Wrongful Act**, including:
  1. the service of suit or any civil proceeding in a court of law or equity, including any appeal therefrom, which is commenced by the filing of a complaint, motion for judgment, or similar proceeding;
  2. institution of arbitration, mediation or other formal alternative dispute resolution proceeding;
  3. any written request to toll or waive a statute of limitations.

CASE NO. _____

A **Claim** for injunctive relief alleging any **Wrongful Act** for which insurance would have been granted under this Policy if **Damages** had been sought, will be considered a **Claim** for the purposes of this Policy, but only the **Claim Expenses** arising therefrom will be covered by this Policy.

\* \* \*

G. "**Damages**" means any compensatory sum which the **Insured** becomes legally obligated to pay and includes:

1. monetary judgments or settlements;

\* \* \*

J. "**Insured**" means:

1. the **Named Insured** [A&U] and any Predecessor Firm designated in the Declarations;
2. any individual or professional corporation who is or becomes a partner, officer, director, stockholder, per diem attorney, independent contract attorney, or employee of the **Named Insured,** but solely while acting within the scope of their duties as such on behalf of the **Named Insured** in rendering **Professional Services;**
3. any individual or professional corporation who was a partner, officer, director, stockholder, per diem attorney, independent contract attorney, or employee of the **Named Insured,** but solely while acting within the scope of their duties as such on behalf of the **Named Insured** in rendering **Professional Services;**

\* \* \*

6. the estate, heirs, executors, administrators, assigns and legal representatives of any **Insured** in the event of death, incapacity, insolvency or bankruptcy, but any such coverage shall apply only with respect to a **Wrongful Act** of such **Insured**;

\* \* \*

All terms and conditions of this Policy including, without limitation, the Retention applicable to **Claims Expenses** and **Damages** incurred by the **Insured,** shall also apply to **Claims Expenses** and **Damages** incurred by the lawful spouse, domestic partner, estate, heirs, executors, administrators, assigns and legal representative of such **Insured.**

\* \* \*

CASE NO. _____

L. "**Interrelated Wrongful Acts**" means **Wrongful Acts** that are causally or logically related and include all **Wrongful Acts** that have as a common nexus any fact, circumstance, situation, or event, or which are the same, related or continuous acts, regardless of whether the **Claim** or **Claims** alleging such acts involve the same or different claimants, **Insureds** or legal causes of action.

\*       \*       \*

V. "**Professional Services**" means services:

1. provided by any **Insured** to others as a lawyer, mediator, arbitrator or notary public but solely for services on behalf of the **Named Insured** or Predecessor Firm designated in the Declarations…

\*       \*       \*

BB. "**Wrongful Act**" means any actual or alleged negligent act, error, or omission committed or attempted in the rendering or failing to render **Professional Services** by any **Insured** on behalf of the **Named Insured**[.]

33.    The Underlying Claims constitute a single "Claim" pursuant to Section

V., E. of the Policy, which provides:

The inclusion herein of more than one **Insured** shall not operate to increase the **Company's** Limit of Liability. **Claims** alleging, based upon, arising out of or attributable to the same **Wrongful Act(s)** or **Interrelated Wrongful Acts** shall be treated as a single **Claim** regardless of whether made against one or more than one **Insured**. All such **Claims**, whenever made, shall be considered first made during the **Policy Period**, the Automatic Extended Reporting Period, or Optional Extended Reporting Period, if purchased, in which the earliest **Claim** arising out of such **Wrongful Act(s)** or **Interrelated Wrongful Acts** was first made, and all such **Claims** shall be subject to the Limit of Liability and Retention set forth in such Policy.

34.    Policy Exclusion I. 1. provides that the Policy shall not apply to any

"Damages" or "Claim Expenses" incurred with respect to any "Claim… based upon

or arising out of any actual or alleged activities of an Insured as, or an Insured acting

in, the capacity as an officer, director, partner, trustee or employee of a pension,

CASE NO. _____

welfare, profit sharing, mutual or investment trust or fund, charitable organization, corporation or business enterprise other than the Named Insured [A&U]."

## THE POLICY APPLICATION

35.     On or about December 15, 2020, Abrahamson executed a policy application on behalf of A&U (the "Policy Application," attached hereto as Ex. E), in which A&U answered the following question in the negative:

> Since the completion of your last application to the Company, does any Applicant member know of any circumstance, situation, act, error or omission that could result in a professional liability claim or suit against the Applicant or its predecessor(s) in business or any of the current or former members of the Applicant or its predecessor(s) in business?

36.     The Policy Application explicitly states that A&U represented and agreed that it "made a comprehensive internal inquiry or investigation to determine whether any member of the Applicant is aware of any actual or alleged fact, circumstance, situation, act, error or omission which may reasonably be expected to result in a claim[.]"

37.     A&U represented that each of its statements and answers given in the Policy Application were "[a]ccurate, true and complete the best of your knowledge"; that the representations were made "on behalf of all persons and entities proposed to be insured"; and that any insurance policy issued by Security National would be "issued in specific reliance upon these representations."

38.     The Policy incorporates a "Professional Liability Loss Warranty" which was executed by Abrahamson on behalf of A&U on or about December 15, 2020. It states:

CASE NO. _____

The Applicant / Insured declares and warrants that after diligent inquiry, no claims or suits have been made against the Applicant / Insured, or against the corporate entity, or any predecessor corporate entity, that have not been previously reported to the former or current insurance carrier. In addition, the Applicant / Insured declares and warrants that no Applicant / Insured or corporate entity has any knowledge of any incident, circumstance, act, error, omission or personal injury which might give rise to a claim being made against the Applicant / Insured, or against the corporate entity, or any predecessor corporate entity.

The Applicant / Insured declares and warrants that the statements set forth herein are true and no material facts have been omitted or misstated. The Applicant / Insured further declares and recognizes that this warranty and declaration is material to the acceptance of the risk; and that the insurer reserves the right to rescind coverage of any policy that is issued if the statements set forth herein are erroneous for any reason. Further in the event the declarations in the preceding paragraph are not true in respect to a particular fact, circumstance, incident, act, error, or omission, then any claim arising out of or relating to such fact, circumstance, incident, act, error or omissions shall not be covered by the insurer.

The signatory declares and warrants that he / she has the authority to sign this letter on behalf of the Applicant / Insured.[4]

39.     Section IX. C. of the Policy (titled "GENERAL CONDITIONS, Application") states that the Policy was issued in reliance on the statements and representations in the "Application" – which includes the Policy Application and the Professional Liability Loss Warranty. This provision also states:

If any of the statements, representations or information in the **Application** are not true and accurate, there shall be no coverage for any **Claim** under this Policy with respect to any **Insured Person** who knew, as of the effective date of the **Policy Period**, of such information that was not truthfully and accurately disclosed in the **Application.** The knowledge of any **Insured Person** shall not be imputed to any other **Insured Person** for the purposes of determining coverage.

---

[4] *See* the Professional Liability Loss Warranty, attached hereto as Ex. F. (Emphasis supplied).

CASE NO. _____

## <u>COUNT I – DECLARATORY JUDGMENT</u>
**(THERE IS NO COVERAGE UNDER THE INSURING AGREEMENT
BECAUSE THE UNDERLYING CLAIMS DO NOT ALLEGE THAT THE
INSURED DEFENDANTS WERE ACTING ON BEHALF OF A&U)**

40.     Security National re-alleges and re-avers Paragraphs 1 through 39 above as if fully set forth herein.

41.     The Insuring Agreement of the Policy does not provide coverage for the Underlying Claims because they allege that the Insured Defendants acted, or failed to act, on behalf of the Partnership. Because, the Underlying Claims do not involve the Insured Defendants' actions on behalf of A&U, there is no coverage.

42.     The Insuring Agreement provides coverage (subject to the various terms, conditions, exclusions and endorsements of the Policy) for "Damages" an Insured becomes legally obligated to pay for a "Claim" against an Insured for a "Wrongful Act."

43.     The Policy defines a "Wrongful Act" as an actual or alleged negligent act, error or omission in rendering or failing to render "Professional Services" by any Insured <u>on behalf of A&U</u>.

44.     The Policy defines "Professional Services" as services provided by any Insured to others as a lawyer, <u>but solely for services on behalf of A&U</u>.

45.     The Underlying Claims do not allege negligent acts, errors or omissions by any of the Insured Defendants *in rendering or failing to render legal services on behalf of A&U*. Instead, they allege that the Insured Defendants breached various duties to

CASE NO. _____

Kennedy Law Group under the Joint Venture Agreement, and breached their fiduciary duties to Kennedy Law Group pursuant to the Partnership.

46.   The Partnership is not the Named Insured (A&U), and is not an Insured under the Policy.

47.   Thus, the Underlying Claims do not allege a "Wrongful Act" or "Professional Services," and the Insuring Agreement of the Policy does not provide any coverage for the Underlying Claims.

48.   There exists a bona fide actual, present and practical need for the declaration of coverage under the Policy and the rights and obligations of Security National.

49.   The rights and obligations of Security National under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

50.   Security National and the Defendants have an actual, present controversy in the subject matter described herein.

51.   All proper and present interests are before the Court by proper process.

**WHEREFORE**, Plaintiff, Security National Insurance Company, respectfully requests that this Court enter judgment in its favor and: (a) declare that Security National has no obligation under the Insuring Agreement of the Policy to defend or indemnify any of the Insured Defendants in the Underlying Lawsuit; (b) declare that Security National has no obligation under the Insuring Agreement of the Policy to

CASE NO. _____

defend or indemnify the Estate in the Probate Claim; (c) grant such other relief as the Court may deem just, proper and equitable under the circumstances.

### COUNT II – DECLARATORY JUDGMENT
### (THERE IS NO COVERAGE UNDER THE INSURING AGREEMENT BECAUSE THE UNDERLYING CLAIMS DO NOT ALLEGE THAT THE INSURED DEFENDANTS ACTED IN AN INSURED CAPACITY)

52.     Security National re-alleges and re-avers Paragraphs 1 through 39 above as if fully set forth herein.

53.     The Insuring Agreement of the Policy does not provide coverage for the Underlying Claims because they allege that the Insured Defendants acted, or failed to act, on behalf of the Partnership rather than the Named Insured, A&U. Accordingly, the Insured Defendants are not alleged to have acted in their capacity as "Insureds" under the Policy.

54.     The Insuring Agreement provides coverage (subject to the various terms, conditions, exclusions and endorsements of the Policy) only for persons or entities that constitute an "Insured."

55.     The Policy defines an "Insured", in relevant part, as any individual or professional corporation who is or was a "partner, officer, director, stockholder, per diem attorney, independent contract attorney, or employee of [A&U], but solely while acting within the scope of their duties as such on behalf of [A&U] in rendering Professional Services[;]" and as "the estate… of any Insured in the event of death… but any such coverage shall apply only with respect to a Wrongful Act of such Insured." (Emphasis supplied).

CASE NO. _____

56.   The Underlying Claims do not allege that the Insured Defendants acted or failed to act within the scope of their duties *on behalf of A&U*, they allege that they acted or failed to act within the scope of their duties *on behalf of the Partnership*.

57.   Thus, the Underlying Claims do not present allegations against the Insured Defendants in their capacities as "Insureds," and the Insuring Agreement of the Policy does not provide any coverage for the Underlying Claims.

58.   There exists a bona fide actual, present and practical need for the declaration of coverage under the Policy and the rights and obligations of Security National.

59.   The rights and obligations of Security National under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

60.   Security National and the Defendants have an actual, present controversy in the subject matter described herein.

61.   All proper and present interests are before the Court by proper process.

**WHEREFORE**, Plaintiff, Security National Insurance Company, respectfully requests that this Court enter judgment in its favor and: (a) declare that Security National has no obligation under the Insuring Agreement of the Policy to defend or indemnify any of the Insured Defendants in the Underlying Lawsuit; (b) declare that Security National has no obligation under the Insuring Agreement of the Policy to defend or indemnify the Estate in the Probate Claim; (c) grant such other relief as the Court may deem just, proper and equitable under the circumstances.

CASE NO. _____

## COUNT III – DECLARATORY JUDGMENT
**(THERE IS NO COVERAGE UNDER THE INSURING AGREEMENT
BECAUSE THE UNDERLYING CLAIMS DO NOT ALLEGE AN ACT,
ERROR OR OMISSION IN RENDERING PROFESSIONAL SERVICES)**

62.     Security National re-alleges and re-avers Paragraphs 1 through 39 above as if fully set forth herein.

63.     The Insuring Agreement of the Policy does not provide coverage for the Underlying Claims because neither action seeks damages for any alleged negligent act, error, or omission by any of the Insured Defendants in rendering or failing to render legal services *on behalf of the Named Insured, A&U.*

64.     The Insuring Agreement provides coverage (subject to the various terms, conditions, exclusions and endorsements of the Policy) for "Damages" an Insured becomes legally obligated to pay for a "Claim" against an Insured for a "Wrongful Act."

65.     The Policy defines a "Wrongful Act" as an actual or alleged negligent act, error or omission in rendering or failing to render "Professional Services" by any Insured on behalf of A&U.

66.     The Policy defines "Professional Services" as services provided by any Insured to others as a lawyer, but solely for services on behalf of A&U.

67.     The Underlying Claims do not seek damages based on any alleged negligent acts, errors or omissions by any of the Insured Defendants in the provision of legal services on behalf of A&U (or any other entity). Instead, Plaintiff alleges that it has been damaged as a result of the Insured Defendants' alleged breaches of the

CASE NO. _____

Joint Venture Agreement, breaches of their fiduciary duties arising from the Partnership, and commission of other business torts in connection with the Partnership.

68.     There exists a bona fide actual, present and practical need for the declaration of coverage under the Policy and the rights and obligations of Security National.

69.     The rights and obligations of Security National under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

70.     Security National and the Defendants have an actual, present controversy in the subject matter described herein.

71.     All proper and present interests are before the Court by proper process.

**WHEREFORE**, Plaintiff, Security National Insurance Company, respectfully requests that this Court enter judgment in its favor and: (a) declare that Security National has no obligation under the Insuring Agreement of the Policy to defend or indemnify the any of the Insured Defendants in the Underlying Lawsuit; (b) declare that Security National has no obligation under the Insuring Agreement of the Policy to defend or indemnify the Estate in the Probate Claim; (c) grant such other relief as the Court may deem just, proper and equitable under the circumstances.

CASE NO. _____

### COUNT IV – DECLARATORY JUDGMENT
**(THERE IS NO COVERAGE FOR THE UNDERLYING CLAIMS BECAUSE THE INSURED DEFENDANTS HAD PRIOR KNOWLEDGE OF WRONGFUL ACTS OR CIRCUMSTANCES)**

72.     Security National re-alleges and re-avers Paragraphs 1 through 39 above as if fully set forth herein.

73.     The Policy does not provide coverage for the Underlying Claims because – upon information and belief – one or more of the Insured Defendants had knowledge of alleged "Wrongful Acts" and/or knowledge of incidents, circumstances, situations, acts, errors, or omission which might give rise to a claim being made against them ***prior to*** the Policy being issued.

74.     The Insuring Agreement provides coverage (subject to the various terms, conditions, exclusions and endorsements of the Policy) for a "Wrongful Act" only if "the Insured has no knowledge of such Wrongful Act prior to the Inception Date of this Policy" (*i.e.*, December 25, 2020).

75.     The Policy Application includes a representation that no applicant was aware of "any circumstance, situation, act, error, or omission that could result in a professional liability claim or suit" against them, and that the applicant "made a comprehensive internal inquiry or investigation" to determine that none of its members were aware of same.

76.     The Professional Liability Loss Warranty signed by Mr. Abrahamson on December 15, 2020 warranted that – after diligent inquiry – the Insureds did not have "knowledge of any incident, circumstance, act, error, omission or personal

CASE NO. _____

injury which might give rise to a claim being made" against the Insureds. The Professional Liability Loss Warranty also states "in the event the declarations in the preceding paragraph are not true in respect to a particular fact, circumstance, incident, act, error, or omission, then any claim arising out of or relating to such fact, circumstance, incident, act, error or omissions shall not be covered by the insurer."

77.     The Policy Application and the Professional Liability Loss Warranty are both part of the "Application" as that term is defined in the Policy.

78.     The Declarations to the Policy states: "The Declarations, the completed and signed Application, and this policy with endorsements shall constitute the full and complete contract between the Insured and the Company[.]"

79.     Section IX. C. of the Policy bars coverage for any Claim against any Insured Person who had knowledge as of the effective date of the Policy Period (*i.e.*, December 25, 2020) that any statements, representations or information in the "Application" were not true and accurate, with the proviso that the knowledge of any Insured Person shall not be imputed to any other Insured Person, and will not bar coverage for any Insured Person who did not have such knowledge.

80.     Here, upon information and belief, one or more of the Insured Defendants had knowledge prior to the effective date of the Policy of one or more "Wrongful Acts," incidents, circumstances, situations, acts, errors, or omission which might give rise to a claim being made against them, including, without limitation:

CASE NO. _____

    a. The existence of the Joint Venture Agreement, and of certain alleged violations of the Joint Venture Agreement;

    b. That one or more cases referred by Kennedy Law Group was dismissed for lack of prosecution;

    c. That one or more cases which should have been referred to Kennedy Law Group pursuant to the Joint Venture Agreement was tried to verdict by A&U; and

    d. That one or more cases referred by Kennedy Law Group was referred out to third party law firms and that commissions were not paid to Kennedy Law Group.

81.     The Insured Defendants' knowledge of such Wrongful Acts bars coverage for one or more of the Insured Defendants.

82.     There exists a bona fide actual, present and practical need for the declaration of coverage under the Policy and the rights and obligations of Security National.

83.     The rights and obligations of Security National under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

84.     Security National and the Defendants have an actual, present controversy in the subject matter described herein.

85.     All proper and present interests are before the Court by proper process.

**WHEREFORE**, Plaintiff, Security National Insurance Company, respectfully requests that this Court enter judgment in its favor and: (a) declare that Security National has no obligation under the Insuring Agreement of the Policy to defend or indemnify the Insured Defendants in the Underlying Lawsuit; (b) declare that

CASE NO. _____

Security National has no obligation under the Insuring Agreement of the Policy to defend or indemnify the Estate in the Probate Claim; (c) grant such other relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT V – DECLARATORY JUDGMENT
## (COVERAGE FOR THE UNDERLYING CLAIMS IS BARRED BY EXCLSUION I. 1.)

86.     Security National re-alleges and re-avers Paragraphs 1 through 39 above as if fully set forth herein.

87.     Exclusion I. 1. provides that the Policy shall not apply to any "Claim… based upon or arising out of any actual or alleged activities of an Insured as, or an Insured acting in, the capacity as an officer, director, partner, trustee or employee… [of a] corporation or business enterprise other than [A&U]."

88.     The Partnership was a corporation and/or business enterprise other than A&U, and was not an Insured under the Policy.

89.     The Underlying Claims are based upon and arise out of the Insured Defendants' alleged activities in their capacities as officers, directors, partners or employees of the Partnership.

90.     Accordingly, coverage for the Underlying Lawsuit and Probate Action are barred by Exclusion I. 1.

91.     There exists a bona fide actual, present and practical need for the declaration of coverage under the Policy and the rights and obligations of Security National.

CASE NO. _____

92.    The rights and obligations of Security National under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

93.    Security National and the Defendants have an actual, present controversy in the subject matter described herein.

94.    All proper and present interests are before the Court by proper process.

**WHEREFORE**, Plaintiff, Security National Insurance Company, respectfully requests that this Court enter judgment in its favor and: (a) declare that Security National has no obligation under the Insuring Agreement of the Policy to defend or indemnify any of the Insured Defendants in the Underlying Lawsuit; (b) declare that Security National has no obligation under the Insuring Agreement of the Policy to defend or indemnify the Estate in the Probate Claim; (c) grant such other relief as the Court may deem just, proper and equitable under the circumstances.

Dated: January 12, 2022.

Respectfully submitted,

**KAPLAN ZEENA LLP**
*Attorneys for Plaintiff, Security National Insurance Company*
2 South Biscayne Blvd.
One Biscayne Tower, Suite 3050
Miami, FL  33131
Tel:   305-530-0800
Fax:  305-530-0801

By: */s/ James M. Kaplan*
JAMES M. KAPLAN
Florida Bar No. 921040
James.Kaplan@kaplanzeena.com
Elizabeth.Salom@kaplanzeena.com

CASE NO. _____

Service@kaplanzeena.com
NOAH E. SNYDER
Florida Bar No. 107415
Noah.Snyder@kaplanzeena.com
Maria.Escobales@kaplanzeena.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this __12th__ day of January, 2022, a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record.

/s/ *James M. Kaplan*
JAMES M. KAPLAN